**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHANE BROOKS, | No. 17-15571 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00497-APG-CWH |
| v. | |
| LISA WALSH, Assistant Warden of Programs and Grievance Co-ordinator; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Shane Brooks, a Nevada state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging First

Amendment free exercise and access-to-court claims.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Mendiola-Martinez v. Arpaio*, 836 F.3d

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1239, 1247 (9th Cir. 2016).  We affirm.

The district court properly granted summary judgment on Brooks' free exercise claim on the basis of qualified immunity because it would not have been clear to every reasonable official that it was unlawful to require Brooks to fill out a Faith Group Affiliation Declaration form in order to reinstate his participation in the Common Fare diet after Brooks' voluntary withdrawal.  *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (discussing qualified immunity and noting that the right is clearly established only if "every reasonable official would have understood that what he is doing violates that right." (citation and internal quotation marks omitted)); *see also Resnick v. Adams*, 348 F.3d 763, 769-71 (9th Cir. 2003) (requiring approval of an application to provide a religious diet does not unduly burden a prisoner's right to practice his religion).

The district court properly granted summary judgment on Brooks' access-to-court claim for failure to exhaust administrative remedies because Brooks failed to raise a genuine dispute of material facts as to whether he properly exhausted his administrative remedies.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the

2                                                                            17-15571

merits)" (emphasis, citation, and internal quotation marks omitted)).

We reject as without merit Brooks' contention that the district court improperly considered defendants' evidence in support of summary judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-15571